{¶ 1} In his brief, appellant, Tim Barnick, ("Barnick") pro se, appeals the trial court's denial of his motions for continuance.[1]
Finding no merit to the appeal, we affirm.
 {¶ 2} In August 2005, Richard Barnick (Tim Barnick's father) was declared incompetent by the probate court. Subsequently, Richard Barnick was removed from his home, which he shared with Barnick, and was admitted to a nursing home. The probate court appointed Russell Baron ("Baron") as independent guardian because the trial court found that Barnick was not providing suitable care for his *Page 3 
father. Richard Barnick appealed the appointment in Case No. 87052, which was dismissed by this court in December 2005.
 {¶ 3} In February 2006, Barnick filed a motion to remove Baron as appointed guardian of his father because of conflicts in visitation between Barnick and his father and Baron's reluctance to return Richard Barnick to the family home, under the care of Barnick.
 {¶ 4} After a hearing on March 15, 2006 with Barnick and Baron present, the magistrate found that Barnick failed to establish the grounds required by law for Baron's removal as guardian. Therefore, on March 23, 2006, the magistrate recommended that the court overrule Barnick's motion.
 {¶ 5} On April 10, 2006, Barnick filed an "objection letter" to the magistrate's decision on his motion to remove Baron. On April 18, 2006, Baron filed an application for guardian fees. Both motions were set for a hearing on May 17, 2006.
 {¶ 6} Meanwhile, Barnick hand-delivered questions to Baron on two occasions. When Barnick received no response from Baron, he delivered his "first set of interrogatories" to Baron on May 15, 2006, and filed a motion for continuance of the May 17 hearing. The trial court denied Barnick's request, so Barnick filed another motion for continuance, requesting more time because the Longterm Care Ombudsman was unable to attend the hearing. The trial court denied this motion as well. *Page 4 
 {¶ 7} On May 17, 2006, the trial court conducted the hearing, at which Barnick and Baron were present. At the hearing, the trial court overruled Barnick's objection. Also, in a series of journal entries dated May 17, 2006, the trial court adopted the magistrate's decision as the court's findings and conclusions, overruled Barnick's objections to the magistrate's decision, journalized its denial of Barnick's May 15 and May 16, 2006 motions for continuance, and overruled Barnick's February 7, 2006 motion to remove Baron as guardian.
 {¶ 8} Barnick now appeals, raising one assignment of error, in which he claims that the trial court erred in failing to grant his motions for continuance.[2]
 {¶ 9} The decision whether to grant a continuance rests within the sound discretion of the trial court. State v. Unger (1981),67 Ohio St.2d 65, 423 N.E.2d 1078. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. Moreover, the Ohio Supreme Court in State v. Jenkins (1984),15 Ohio St.3d 164, 222, 473 N.E.2d 264 declared that: *Page 5 
 "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an `abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."
 {¶ 10} In Unger, the Ohio Supreme Court set forth a test that "balances the "* * * court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice against any potential prejudice" to the defendant. Id. See, also, In reKriest (Aug. 6, 1999), Trumbull App. No. 98-T-0093.
 {¶ 11} In determining whether a continuance should be granted, a court should consider:
 "* * * [T]he length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Unger, supra.
 {¶ 12} In the instant case, the trial court set the May 17, 2006 hearing date, to review Barnick's objections to the magistrate's decision, on April 12, 2006. Therefore, Barnick had nearly five weeks to prepare for the hearing. Instead, he waited until two days before the hearing date to request a continuance. The trial court denied the motions and proceeded with the hearing, at which it considered Barnick's motions and overruled them. *Page 6 
 {¶ 13} Barnick alone contributed to the circumstances giving rise to the need for the continuances. In prior proceedings, the trial court suggested that he gather evidence to support his contentions. However, he did not retain an attorney, and his discovery attempts were improper. Moreover, he waited until two days before the scheduled hearing to request a continuance, stating that he needed more time to obtain more evidence and have his witness present, when he easily could have substituted the Longterm Care Ombudsman's presence with an affidavit. Under these circumstances, we conclude that the inconvenience to the litigants and the court outweighed any prejudice to Barnick. Furthermore, we conclude that the trial court's actions were not unreasonable, arbitrary, or unconscionable. Accordingly, we find no abuse of discretion in the court's denying Barnick's motions for continuance.
 {¶ 14} Therefore, the sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 7 
FRANK D. CELEBREZZE, JR., A.J. and PATRICIA ANN BLACKMON, J. CONCUR.
[1] In his Notice of Appeal, Barnick states that he "appeals * * * from the final judgment overruling his Motion to Remove Guardian entered on May 17, 2006." However, he fails to address this contention in his brief. Thus, we cannot discuss the merits of the trial court's decision regarding his motion to remove Baron as guardian. See App.R. 12 and 16.
[2] We note that Barnick refers to the May 17, 2006 hearing in his brief as "the second Motion to Remove Guardian hearing." However, our review of the record reveals that the May 17, 2006 hearing was actually set for Baron's application for guardian fees and Barnick's objection to the magistrate's decision of March 23, 2006. Thus, no second motion is found in the record. *Page 1