OPINION *Page 2 
{¶ 1} Appellant Paul L. Hillier appeals the decision of the Stark County Court of Common Pleas, Domestic Relations Division, which granted the parties herein a divorce. Appellee Patricia Hillier is appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married on March 20, 1980. The parties adopted one child, now emancipated. On July 17, 2006, appellee filed a complaint for divorce. The trial court issued temporary orders on August 9, 2006. Appellant thereupon retained Attorney Jeff Jakmides and filed an answer on September 25, 2006. A final pretrial hearing was conducted on January 4, 2007, at which time the court scheduled the matter for trial on March 21, 2007.
 {¶ 3} On March 15, 2007, the court granted Mr. Jakmides' motion to withdraw as appellant's trial counsel, which had been filed two days previously at appellant's written behest. The matter proceeded to trial before a magistrate on March 21, 2007. At the commencement of the trial, appellant, acting pro se, orally requested a continuance, which the magistrate denied.
 {¶ 4} On April 4, 2007, the magistrate issued a decision granting the parties a divorce and setting forth a division of property. The parties' major assets were a 1983 Pacific sailboat worth $73,100 and real estate in Alliance purchased in 2001 for $47,000, burdened with a $20,000 home equity loan. No spousal support was requested or ordered.
 {¶ 5} Appellee filed an objection to the magistrate's decision on April 18, 2007. A transcript of the magistrate's decision was filed on May 18, 2007. On May 21, 2007, *Page 3 
following a hearing, the trial court issued a judgment entry overruling appellee's objection and adopting the decision of the magistrate.
 {¶ 6} On June 13, 2007, appellant filed a notice of appeal. He herein raises the following four Assignments of Error:
 {¶ 7} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT A CONTINUANCE OF THE TRIAL WHEN HIS COUNSEL WITHDREW ONLY SIX (6) DAYS BEFORE TRIAL.
 {¶ 8} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ALLOWING CLEARLY INADMISIBLE HEARSAY EVIDENCE AND UTILIZING SAME TO FORMULATE THE PARTIES' PROPERTY DIVISION.
 {¶ 9} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN THE PARTIES' PROPERTY DIVISION, WHERE THE COURT FAILED TO DISTINGUISH BETWEEN SEPARATE AND MARITAL PROPERTY.
 {¶ 10} "IV. THE TRIAL COURT'S ERRORS WHEN TAKEN TOGETHER REPRESENT `CUMULATIVE ERROR' THAT RESULTED IN SUBSTANTIAL INJUSTICE TO APPELLANT SO AS TO CONSTITUTE REVERSIBLE ERROR."
 I. {¶ 11} In his First Assignment of Error, appellant challenges the magistrate's denial of his request to continue the trial approximately one week after his trial counsel had withdrawn.
 {¶ 12} In the case sub judice, appellee, not appellant, filed the only objection to the magistrate's decision. Civ. R. 53(D)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusion * * * *Page 4 
unless the party has objected to that finding or conclusion * * *." See, e.g., Stamatakis v. Robinson (January 27, 1997), Stark App. No. 96CA303;Kademenos v. Mercedes-Benz of North America, Inc. (March 3, 1999), Stark App. No. 98CA50.
 {¶ 13} However, authority exists in Ohio law for the proposition that an appellant's failure to object to a magistrate's decision does not bar appellate review of "plain error." Civ. R. 53(D)(3)(b)(iv); Tormaschy v.Weiss (July 6, 2000), Richland App. No. 00 CA 01, citing R.G. Real EstateHolding, Inc. v. Wagner (April 24, 1998), Montgomery App. No. 16737. See, also, In re Jackson (Aug. 13, 1999), Montgomery App. No. 17514 (reviewing as plain error a magistrate's failure to continue a hearing where appellant had not raised the issue in her Civ. R. 53 objections).
 {¶ 14} We note a party does not have a guaranteed or constitutional right to be represented by counsel in a domestic relations proceeding.DiGuilio v. DiGuilio, Cuyahoga App. No. 81860, 2003-Ohio-2197, ¶ 16, quoting Rodriguez v. Rodriguez (April 29, 1983), Wood App. No. WD-82-78. In the case sub judice, the trial court's judgment entry allowing Attorney Jakmides to withdraw specifically noted: "On the condition of NO CONTINUANCES of any hearing."
 {¶ 15} Upon review, we hold the denial of appellant's requested continuance of the divorce trial did not constitute plain error under these circumstances.
 {¶ 16} Appellant's First Assignment of Error is overruled.
 II., III., IV. {¶ 17} In his Second, Third, and Fourth Assignments of Error, appellant challenges the trial court's property division and raises "cumulative error." *Page 5 
 {¶ 18} We reiterate that appellant did not present these arguments to the trial court by raising them in a Civ. R. 53 objection. We note the Ohio Supreme Court has cautioned against the excessive application of plain error analysis: "We do not hold that application of the plain error doctrine may never be appropriate in civil cases. However, we do reaffirm and emphasize that the doctrine is sharply limited to the extremely rare case involving exceptional circumstances where the error, left unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself." (Emphasis omitted.) Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 122, 679
N.E.2d 1099.
 {¶ 19} Although appellant's and appellee's counsel have both provided cogent and detailed arguments on these matters in their briefs, upon review we are not inclined to apply the plain error doctrine to the circumstances of the divorce at issue.
 {¶ 20} We therefore overrule and decline to further address appellant's Second, Third, and Fourth Assignments of Error.
 {¶ 21} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed.
 Wise, J. Gwin, P. J., and Edwards, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.
 Costs assessed to appellant. *Page 1