[Cite as *Lemon v. Lemon*, 2011-Ohio-1878.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| ALLEN LEMON | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
|     Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2010 CA 00319 |
| SHARON LEMON | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No.  2010 DR 00483

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:        April 18, 2011

APPEARANCES:

For Plaintiff-Appellee

MITCHELL MACHAN
3810 West Tuscarawas Street
Canton, Ohio  44708

For Defendant-Appellant

KRISTINE W. BEARD
4450 Belden Village Street, NW, Suite 703
Canton, Ohio  44718-2540

*Wise, J.*

{¶1}   Appellant Sharon K. Lemon appeals from the decision of the Stark County Court of Common Pleas, Domestic Relations Division, granting a divorce between herself and Appellee Allen J. Lemon.

{¶2}   This case comes to us on the accelerated calendar.  App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

{¶3}   "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.  The decision may be by judgment entry in which case it will not be published in any form."

{¶4}   This appeal shall be considered in accordance with the aforementioned rule.

## STATEMENT OF THE FACTS AND CASE

{¶5}   The relevant facts leading to this appeal are as follows.

{¶6}   Appellant Sharon Lemon and Appellee Allen Lemon were married on June 10, 2004. No children were born of the marriage.

{¶7}   On April 14, 2010, Husband filed a Complaint for Divorce in the trial court. The Complaint stated gross neglect and extreme cruelty as grounds for the divorce.

{¶8}   The Complaint also included the standard language for both an uncontested divorce hearing date and a date for a pretrial if the divorce was contested. Specifically, the Complaint stated that August 3, 2010, was the uncontested date and

October 21, 2010, was the pretrial date. There is no dispute that the Wife was duly served with a copy of the Complaint and was provided notice of the two hearing dates.

{¶9} Wife did not file an Answer to the divorce complaint.

{¶10} On August 3, 2010, Wife appeared pro se at the uncontested hearing. Husband, by and through counsel, appeared and presented the trial court with a proposed Judgment Entry of Divorce.

{¶11} The Magistrate moved forward hearing evidence on the grounds of gross neglect and extreme cruelty, as well as evidence of marital property and distribution.

{¶12} The evidence presented in support of the grounds for divorce included the testimony of Husband and Christian Granesus, a male co-worker of Husband.

{¶13} Husband testified that Wife had abused alcohol and drugs and that as a result of such abuse, Wife's personality had changed. No specific evidence was presented regarding the alleged alcohol and drug abuse. Husband also testified that there had never been any physical abuse during the marriage, but claimed that there was some verbal abuse.

{¶14} Husband's witness, Christian Granesus, a co-worker from Babcock & Wilcox, testified that Husband told him about a marital conflict which had resulted from Wife's drinking and marijuana abuse.

{¶15} Wife also took the stand. She did not deny the alcohol and drug abuse allegations, instead stating:

{¶16} "Um as far as me with drug problems or whatever … whatever I was doing prior to us getting married I'm still doing now. And you already knew everything I was doing. All right. Nothing has changed." (T. at 16).

**{¶17}** Wife also testified that in April, 2010, Husband filed for divorce and then in May, he gave her flowers and a card stating that he loved her.

**{¶18}** After the hearing the Magistrate found that Husband had proven grounds for gross neglect and extreme cruelty and that Husband had offered sufficient evidence as to the manner in which the marital property should be divided. The Magistrate accepted Husband's proposed judgment entry and on August 13, 2010 the final decree of divorce was filed.

**{¶19}** On August 13, 2010, Wife, through counsel, filed a Request for Findings of Fact and Conclusions of Law. By Magistrate's Order filed August 19, 2010, both parties were ordered to submit proposed findings of fact and conclusions of law within 21 days.

**{¶20}** On August 16, 2010, Wife, through counsel, filed an Objection to Magistrate's Decision, Request for Hearing and Request for Order of Automatic Stay.

**{¶21}** On September 9, 2010, Wife filed her Proposed Findings of Fact and Conclusions of Law.

**{¶22}** On September 20, 2010, the parties appeared before the trial court on Wife's Objections, but counsel for both parties requested a brief continuance to resolve issues with the proposed findings of fact and conclusions of law. The trial court reset the hearing for October 18, 2010.

**{¶23}** On September 24, 2010, Husband filed his Proposed Findings of Fact and Conclusions of Law.

**{¶24}** On September 29, 2010, the Magistrate issued an Amended Magistrate's Decision which was adopted by the trial court on the same date.

**{¶25}** On October 18, 2010, the trial court held a hearing on Wife's Objections. The trial court heard arguments from both counsel and stated that it had reviewed the entire record, including the transcript of the proceedings before the magistrate.

**{¶26}** By Judgment Entry filed October 18, 2010, the trial court overruled Wife's objections.

**{¶27}** Wife now appeals, herein raising the following five Assignments of Error:

## ASSIGNMENTS OF ERROR

**{¶28}** "I. THE TRIAL COURT'S DECISION TO GRANT A DIVORCE ON THE GROUNDS OF EXTREME CRUELTY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

**{¶29}** "II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN FAILING TO DETERMINE WHETHER SPOUSAL SUPPORT WAS NECESSARY AND REASONABLE UNDER THE CIRCUMSTANCES BASED UPON WIFE'S ABILITY TO SUFFICIENTLY SUPPORT HERSELF AFTER THE TERMINATION OF THE MARRIAGE.

**{¶30}** "III. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN FAILING TO VALUE AND/OR EQUITABLY DIVIDE HUSBAND'S PENSION FUNDS ACQUIRED DURING THE COURSE OF THE MARRIAGE.

**{¶31}** "IV. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN FAILING TO VALUE AND/OR EQUITABLY DIVIDE THE EQUITY IN THE LAND CONTRACT FOR THE MARITAL RESIDENCE.

**{¶32}** "V. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GRANT WIFE'S REQUEST FOR A CONTINUANCE TO OBTAIN COUNSEL."

**I.**

{¶33} In her first assignment of error, Appellant argues that the trial court's determination that there were grounds for the divorce was against the manifest weight of the evidence.  We disagree.

{¶34}  In the case sub judice, the notice attached to Appellee's complaint stated, in accordance with Loc. D.R. 13.01, in relevant part, as follows:

{¶35} "If no answer is filed to this complaint ..., this matter will be heard as an uncontested trial on the 3rd day of August, 2010 at 1:30 p.m. …"

{¶36}  As is stated above, Appellant never filed an answer in the case sub judice. D.R. Loc. 13.01 further provides that if there is no answer, motion, or stipulation for leave to plead within 28 days, then the divorce or legal separation is deemed uncontested. The Rule also provides if a case is set for hearing as an uncontested case, the defendant may not introduce evidence on his or her own behalf except by leave of court for good cause shown.

{¶37}  In this case, the Magistrate properly limited Appellant's ability to present evidence with respect to the issue of grounds. We further note that the Magistrate, despite the fact that this was an uncontested divorce, did allow Appellant to cross-examine Appellee and to testify on direct.

{¶38}  Pursuant to Civ.R. 75(M), a "[j]udgment for divorce, annulment, or legal separation shall not be granted upon the testimony or admission of a party not supported by other credible evidence."  Thus, the court cannot grant a divorce unless a party's evidence of grounds is corroborated by another witness or other independent evidence.

{¶39} Corroborating evidence must pertain to material elements essential to the proof of the ground for divorce set out in the complaint, but it is not required for each and every material fact. *Damschroder v. Damschroder* (Jan. 30, 1998), 6th Dist. No. L-96-241. The evidence "must merely substantiate the testimony of a party, but need not support it in every detail." *Kaminski v. Kaminski* (Mar. 3, 1997), 12th Dist. No. C96-09-073, quoting *Sindel v. Sindel* (App.1975), 7 O.O.3d 223, 225. It may be oral, documentary, or both, and a court may consider the evidence and admissions of the other party and find that they are corroborative of the first party's testimony. *Damschroder,* supra.

{¶40} In the instant case, Appellee Husband testified that he and Appellant were not "getting along" and that Appellant "has an issue related to drugs as well as alcohol and it has complicated the marriage." (T. at 6).

{¶41} Appellee went on to explain that Appellant's substance abuse resulted in "a change in personality as the result of it building up from early in the morning it starts as ah brandy and milk mixture and it goes throughout the day. As well as the um smoking of marijuana." Id. He stated that this abuse leads to arguments between the parties. Appellee also stated that Appellant's problems also involved verbal abuse. (T. at 7).

{¶42} Appellee additionally testified that Appellant had been spending a great deal of time speaking with ex-boyfriend on the telephone. (T. at 6-7).

{¶43} In support of his grounds for divorce, Appellee's co-worker Christian Granesus testified  that over the years Appellee had discussed his marital issues with

him and told him about the problems with Appellant's drinking and use of marijuana. (T. at 9).

{¶44} The trial court has the authority to weigh the evidence as the ultimate finder of fact and to determine whether the facts are sufficient to establish grounds for divorce. *Hunt v. Hunt* (1989), 63 Ohio App.3d 178, 179, 578 N.E.2d 498. The court has broad discretion in determining the proper grounds for divorce, and we will not reverse its decision absent an abuse of discretion. *Lassiter v. Lassite*r, 1st Dist. No. C-010309, 2002-Ohio-3136; *Kaminski*; *Buckles v. Buckles* (1988), 46 Ohio App.3d 102, 116, 546 N.E.2d 950.

{¶45} Based on the foregoing, and the fact that this was an uncontested divorce to which Appellant had not filed an answer to challenge grounds, we find that the trial court did not err in granting the divorce on the grounds of extreme cruelty and gross neglect.

{¶46} Appellant's first assignment of error is overruled.

**II.**

{¶47} In her second assignment of error, Appellant argues that the trial court abused its discretion in not making an award of spousal support.

{¶48} R.C. §3105.18(B) provides in part: "In divorce and legal separation proceedings, upon the request of either party and after the court determines the division or disbursement of property * * *, the court of common pleas may award reasonable spousal support to either party."

{¶49} Upon review of the record, we find that Appellant did not make a request spousal support. Accordingly, we find that Appellant has no grounds upon which to

appeal any issue concerning spousal support. See *Phillips v. Phillips*, Fifth Dist. App. No. 2005-CA-00072 , 2006-Ohio-2098.

**{¶50}** Appellant's second assignment of error is overruled.

### III. & IV.

**{¶51}** In her third and fourth assignments of error, Appellant argues that the trial court erred in failing to equitably divide Appellee's pension from The Timken Company and further failed to equitably divide land contract for the marital residence.

**{¶52}** An appellate court generally reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. Furthermore, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin-Auer*, 188 Ohio App.3d 768, 936 N.E.2d 1013, 2010-Ohio-3489, ¶ 16, citing *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App. No. CA-5758, 1982 WL 2911. The trier of fact is in a far better position to observe the witnesses' demeanor and weigh their credibility. See, e.g., *Taralla v. Taralla*, Tuscarawas App.No. 2005 AP 02 0018, 2005-Ohio-6767, ¶ 31, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.

**{¶53}** In the instant case the trial court made the following Findings of Fact:

**{¶54}** "3. …[a]t the time of the parties' marriage, Plaintiff had accumulated pension benefits through The Timken Company"

**{¶55}** "4. Plaintiff's pension through the The Timken Company is in payout status. (Magistrate's Decision, Sept. 29, 2010).

**{¶56}** "6. After the parties married, Plaintiff entered into a land contract for the purchase of the real property situated at 6685 Hillfield St. N. Canton, OH 44720."

**{¶57}** The trial court also made the following Conclusions of Law:

**{¶58}** "8. Plaintiff's pension with The Timken Company is the separate property of the Plaintiff pursuant to Ohio Revised Code 3105.171(A)(6)(a)(ii)."

**{¶59}** ***

**{¶60}** "12. The real property located at 6685 Hillfield St. N. Canton, OH 44720 is neither the separate property of the Plaintiff nor marital property by virtue that neither party has an ownership interest. A land contract is tantamount to a tenancy interest.

**{¶61}** "13. In accordance with Ohio Revised Code 3105.011, Defendant shall vacate 6685 Hillfield St. N. Canton, OH 44720 within fourteen days of the issuance of the Judgment Entry of Divorce by virtue of the Plaintiff's contractual right to occupy the residence."

**{¶62}** Upon review of Appellant's objections to the Magistrate's Decision, Appellant did not object to the findings as to Appellee's pension or the determination that the land contract was neither marital property or separate property or that Plaintiff had a contractual right to occupy the premises, other than her claims that the trial court abused its discretion in denying her a continuance.

**{¶63}** Civ.R. 53(D)(3)(b)(iv) provides that "[a] party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusion * * * unless the party has objected to that finding or conclusion * * *." See, e.g., *Stamatakis v. Robinson* (January 27, 1997), Stark App.No. 96CA303; *Kademenos v. Mercedes-Benz of North America, Inc.* (March 3, 1999), Stark App.No. 98CA50.

**{¶64}** Civ.R. 53(D)(3)(b)(iv) further provides: "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

**{¶65}** However, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself. *Dorsey v. Dorsey*, Fifth Dist. App. No. 2009-CA-00065, 2009-Ohio-4894; *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 679 N.E.2d 1099, 1997-Ohio-401, at syllabus.

**{¶66}** Based upon Appellant's failure to object to such Findings of Fact, and our failure to find any plain error, we find Appellant's third and fourth assignments of error not well-taken and hereby overrule same.

**V.**

**{¶67}** In her fifth assignment of error, Appellant argues that the trial court erred in not granting Appellant's request for a continuance to obtain counsel.

**{¶68}** Upon review of the record, we do not find any evidence that Appellant requested a continuance of the uncontested divorce hearing to obtain counsel or for any other reason.

**{¶69}** Here, Appellant was aware of these divorce proceedings for almost four months before the uncontested divorce hearing on August 3, 2010 and failed to retain counsel during that time. She was aware of and appeared for the uncontested divorce hearing. Although Appellant made mention that she had been to Legal Aid and that they were assigning her an attorney, she also stated that she was "in a grievance" with Legal Aid. The record does not reflect that she asked the trial court for additional time to secure counsel.

**{¶70}** Furthermore, the decision to grant or deny a continuance is entrusted to the broad, sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *State v. Unger* (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078. In determining whether a trial court abused its discretion in denying a motion for a continuance, an appellate court should consider the following factors: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to witnesses, opposing counsel, and the court; (4) whether there is a legitimate reason for the continuance; (5) whether the defendant contributed to the circumstances giving rise to the need for the continuance, and other relevant factors, depending on the unique facts of each case. *Id.* at 67-68. The reviewing court must also weigh the potential prejudice to the movant against the trial court's right to control its own docket. *In re Barnick,* Cuyahoga App. No. 88334, 2007-Ohio-1720, ¶ 10, quoting *Unger.*

**{¶71}** Finally, we would note a party does not have a guaranteed or constitutional right to be represented by counsel in a domestic relations proceeding. *Hilliar v. Hilliar*, Stark App.No. 2007-CA-00161, 2008-Ohio-2153; *DiGuilio v. DiGuilio*, Cuyahoga App.No. 81860, 2003-Ohio-2197, ¶ 16, quoting *Rodriguez v. Rodriguez* (April 29, 1983), Wood App. No. WD-82-78.

**{¶72}** Based on the foregoing, we do not find the trial court's decision to go forward with the uncontested divorce hearing was an abuse of discretion.

**{¶73}** Appellant's fifth assignment of error is overruled.

**{¶74}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., concurs.

Hoffman, J., concurs separately.

_____

_____

_____

JUDGES

JWW/d 0401

*Hoffman, J., concurring*

{¶75} I concur in the majority's analysis and disposition of Appellant's Assignments of Error Nos. II, III, IV, and V.

{¶76} I further concur in the majority's disposition of Appellant's Assignment of Error No. I.  I write separately to note I do so based upon Appellant's admission of her ongoing "drug problems or whatever."  I do not find the fact Appellee's co-worker testified Appellee told him about Appellant's drinking and use of marijuana over the years is sufficient corroborative evidence, in and of itself, to satisfy Civ.R. 75(M).

_____

HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

ALLEN LEMON                                    :
                                               :
    Plaintiff-Appellee                     :
                                               :
-vs-                                           :          JUDGMENT ENTRY
                                               :
SHARON LEMON                                   :
                                               :
    Defendant-Appellant                    :          Case No. 2010 CA 00319

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.

Costs assessed to Appellant.

_____

_____

_____
                                    JUDGES