[Cite as *Decot v. Decot*, 2012-Ohio-2897.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CAROL DARELLE DECOT | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 11-CA-16 |
| TIMOTHY LEO DECOT | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Perry County Court of
Common Pleas, Domestic Relations
Division, Case No. 10DV00438

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     June 15, 2012

APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

THOMAS E. WALSER                CHARLES M. ELSEA
14878 S.R. 13                        109 North Broad Street, Suite 200
P.O. Box 510                         P.O. BOX 130
Thornville, Ohio 43076               Lancaster, Ohio 43130

*Hoffman, J.*

{¶1} Defendant-appellant Timothy Leo Decot appeals the Judgment Entry entered by the Perry County Court of Common Pleas, Domestic Relations Division. Plaintiff-appellee is Carol Darelle Decot.

STATEMENT OF THE CASE

{¶2} The parties were married on April 20, 1974. Appellee filed a complaint for a divorce in this matter on October 26, 2010.

{¶3} Following initial discovery and motion proceedings, the trial court set the matter for trial to commence July 8, 2011. On July 7, 2011, one day prior to the commencement of trial, Appellant filed a request for a six month continuance on the grounds he had just been released from jail. The trial court partially granted the continuance, and rescheduled the trial for October 14, 2011.

{¶4} On September 23, 2011, Appellant filed a second continuance request stating he had been incarcerated since July 18, 2011, and would not be released until October 30, 2011. Appellant argued he would not be able to obtain an attorney to represent him in the trial.

{¶5} The matter proceeded to trial on October 14, 2011. Appellee and her attorney were present, but Appellant did not appear and he was not represented by counsel.

{¶6} Via Findings of Fact and Conclusions of Law journalized on October 26, 2011, the trial court treated the proceedings as an uncontested hearing for divorce, without children, and granted Appellee a divorce. Appellant now appeals, assigning as error:

**{¶7}** "I. THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF THE APPELLANT BY DENYING HIS PRO SE REQUEST FOR A CONTINUANCE WHERE THE APPELLANT WAS TO BE RELEASED FROM INCARCERATION SIXTEEN DAYS AFTER THE TRIAL DATE, AND AN EXTENSION OF TIME WOULD NOT PREJUDICE THE APPELLEE.

**{¶8}** "II. THE TRIAL COURT ABUSED ITS DISCRETION BY HOLDING AN UNCONTESTED DIVORCE HEARING WHERE THERE EXISTED CLEARLY EXPRESSED ISSUES IN CONTENTION AND THE FACTS, ON THEIR FACE, GAVE RISE TO TRIABLE ISSUES."

I.

**{¶9}** The decision to grant or deny a continuance is entrusted to the broad, sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Lemon v. Lemon*, Stark App. No. 2010CA00319, 2011-Ohio-1878, citing *State v. Unger* (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078. In determining whether a trial court abused its discretion in denying a motion for a continuance, an appellate court should consider the following factors: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to witnesses, opposing counsel, and the court; (4) whether there is a legitimate reason for the continuance; (5) whether the defendant contributed to the circumstances giving rise to the need for the continuance, and other relevant factors, depending on the unique facts of each case. *Unger,* supra, at 67–68, 423 N.E.2d 1078. The reviewing court must also weigh the potential prejudice to the movant against the trial court's right to control

its own docket. *In re Barnick,* Cuyahoga App. No. 88334, 2007–Ohio–1720, ¶ 10, quoting *Unger.*

{¶10} We note a party does not have a guaranteed or constitutional right to be represented by counsel in a domestic relations proceeding. *Hilliar v. Hilliar,* Stark App.No.2007–CA–00161, 2008–Ohio–2153; *DiGuilio v. DiGuilio,* Cuyahoga App.No. 81860, 2003–Ohio–2197, ¶ 16, quoting *Rodriguez v. Rodriguez* (April 29, 1983), Wood App. No. WD–82–78.

{¶11} Considering the factors set forth above, we note the trial court previously granted Appellant an extension due to his incarceration, and his pending release, affording him ample opportunity to retain counsel. Furthermore, Appellant's second incarceration was the result of his own actions.

{¶12} Based upon the above, we do not find the trial cour5t abused its discretion in overruling his second motion for continuance.

{¶13} Appellant's first assignment of error is overruled.

II.

{¶14} In the second assignment of error, Appellant maintains the trial court abused its discretion in proceeding as if the divorce was uncontested when the record reflects there were contested issues.

{¶15} The transcript of the final divorce hearing indicates Appellee appeared represented by counsel and Appellant failed to appear. The magistrate heard the testimony and considered the evidence presented. The time for Appellant to present his response to the disputed issues was at trial, and he failed to do so. As set forth above,

Appellant's unavailability to present a defense arose from his own actions and subsequent incarceration.

{¶16} Appellant's second assignment of error is overruled.

{¶17} The judgment of the Perry County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise _____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

CAROL DARELLE DECOT                    :
                                       :
        Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
TIMOTHY LEO DECOT                      :
                                       :
        Defendant-Appellant            :          Case No. 11-CA-16


For the reasons stated in our accompanying Opinion, the judgment of the Perry County Court of Common Pleas, Domestic Relations Division, is affirmed.   Costs to Appellant.


                                   s/ William B. Hoffman_____
                                   HON. WILLIAM B. HOFFMAN


                                   s/ W. Scott Gwin _____
                                   HON. W. SCOTT GWIN


                                   s/ John W. Wise _____
                                   HON. JOHN W. WISE