[Cite as *Rawlin Graves Co, L.P.A. v. Jatsek Constr. Co., Inc.*, 2014-Ohio-1952.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100587**

# RAWLIN GRAVENS CO., L.P.A.

PLAINTIFF-APPELLANT

vs.

# JATSEK CONSTRUCTION CO., INC., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-800585

**BEFORE:** Jones, P.J., Rocco, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** May 8, 2014

**ATTORNEYS FOR APPELLANT**

Stephanie L. Simon
Kimberly A. Brennan
Ronald V. Rawlin
Rawlin Gravens & Pilawa Co., L.P.A.
55 Public Square
Suite 850
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Joseph T. George
Law Offices of Joseph T. George
2450 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114

LARRY A. JONES, SR., P.J.:

{¶1} Plaintiff-appellant Rawlin Gravens Company, L.P.A., appeals from the trial court's October 2, 2013 judgment granting defendant-appellee Wayne Jatsek's motion to vacate judgment. We affirm.

## I. Procedural History

{¶2} Rawlin Gravens is an Ohio law firm. In January 2013, the firm filed an action against Jatsek Construction Company and Wayne Jatsek alleging that the defendants had contracted with the firm for legal representation. The complaint alleged that the parties' attorney-client relationship ended in November 2011, and that outstanding legal fees were due and owing at that time. According to the complaint, the defendants failed to pay those fees.

{¶3} The firm brought claims against the defendants for breach of contract, quantum meruit, quantum valebant, and unjust enrichment. The complaint also sought to pierce the corporate veil and hold Wayne Jatsek liable in his individual capacity.

{¶4} Service was perfected on Wayne Jatsek on February 22, 2013, and on Jatsek Construction on April 3, 2013. On March 27, 2013, both defendants sought an extension of time to answer, move, or otherwise respond to the complaint; the motion was granted and the defendants were given until April 26, 2013, to file a responsive pleading.

{¶5} On April 25, 2013, a case management conference was held by phone, and counsel for the parties participated. The court set the defendants' answer date for May

28, 2013, and motion to dismiss date for June 7, 2013. The next activity occurred on August 6, 2013, when the law firm filed a motion for default judgment. Another telephone conference was held on August 8, 2013, and counsel for the parties participated.

{¶6} On August 31, 2013, the trial court granted the law firm's default judgment motion, as to liability only. The court ordered the firm to submit an affidavit as to its damages within 14 days.

{¶7} On September 4, 2013, Wayne Jatsek filed a motion to dismiss, or in the alternative, a motion for summary judgment. On September 5, 2013, the firm filed its affidavit as to its damages, and filed a motion to strike Wayne's motion to dismiss the following day.

{¶8} On September 12, 2013, the trial court issued a judgment for the firm and against the defendants, jointly and severally, in the amount of $15,856.01. The court also denied Wayne's motion to dismiss, and the firm's motion to strike, as moot.

{¶9} On September 16, 2013, Wayne filed a motion to vacate judgment under Civ.R. 60(B)(5), which the firm opposed. The trial court granted Wayne's motion on October 2, 2013, and granted him 28 days to file a responsive pleading. On October 7, the firm filed a motion to reconsider that the court denied on October 23, 2013.

{¶10} Wayne filed a motion to dismiss, or alternatively, motion for summary judgment on October 30, 2013; the trial court stayed the case pending resolution of this appeal, in which the firm raises the following two errors:

> [I.] The trial court erred and abused its discretion by granting defendant-appellee's motion to vacate pursuant to Civil Rule 60(B)(5),

vacating its August 31, 2013 default judgment and the September 12, 2013 entry in favor of appellant.

[II.] The trial court erred and abused its discretion by providing appellee with 28 * * * additional days in which to file an answer or otherwise respond to plaintiff's complaint, after the time period for such responsive pleading had expired, as appellee did not comply * * * with [the] procedures as outlined in Civil Rule 6(B)(2) for extensions of time for untimely filings.

## II.  Law and Analysis

{¶11} This court reviews Civ.R. 60(B) motions under an abuse of discretion standard.  *Render v. Belle*, 8th Dist. Cuyahoga No. 93181, 2010-Ohio-2344, ¶ 8, citing *Associated Estates Corp. v. Fellows*, 11 Ohio App.3d 112, 463 N.E.2d 417 (8th Dist.1983).  An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable."  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).  In reviewing for an abuse of discretion, this court does not substitute its judgment for that of the trial court.  *In re Jane Doe I*, 57 Ohio St.3d 135, 138, 566 N.E.2d 1181 (1990), citing *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).

{¶12} In order to prevail on a motion for relief from judgment under Civ.R. 60(B), the moving party must establish that:   (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.  As a general rule, where the moving party has a meritorious defense and the motion is timely made, any doubt should be resolved in favor

of granting the motion for relief, setting aside the judgment, and deciding the case on its merits. *Id.* at 151.

{¶13} Civ.R. 60(B) delineates various means by which a party can obtain relief from a final judgment:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Civ.R. 60(B). The rule further provides that the motion "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken." *Id.*

{¶14} For his meritorious defense, Wayne contends that the legal representation the firm provided was for Jatsek Construction, as opposed to for him in his individual capacity.

{¶15} In regard to the grounds for relief enumerated under Civ.R. 60(B)(1)-(5), Wayne contends that inadvertent mistake caused him to not file a timely responsive pleading. Specifically, his attorney states that he was "overwhelmed with his law practice which was transitioning itself to a larger firm with three new partners and an entirely new calendering system, [and] counsel * * * was also struggling to care for his

grandmother whose health has been in sharp decline." Counsel stated that he had been his grandmother's primary caretaker for the past 13 years.

**{¶16}** Moreover, Wayne contends that his motion to vacate was made within a reasonable period of time, that being approximately two weeks after the default judgment was granted.

**{¶17}** Upon review, the trial court did not abuse its discretion by granting Wayne's motion to vacate. We are not persuaded by the firm's contention that the court did abuse its discretion because the firm pled a claim for piercing the corporate veil, which would allow it to proceed to judgment against Wayne individually. Wayne presented sufficient facts to demonstrate that he has a meritorious defense; the success of that defense is irrelevant for Civ.R. 60(B) purposes. *Parts Pro Automotive Warehouse v. Summers*, 8th Dist. Cuyahoga No. 99574, 2013-Ohio-4795, ¶ 12. Further, we find that Wayne demonstrated inadvertence in not timely responding to the complaint, and that his motion to vacate was timely filed.

**{¶18}** In light of the above, the trial court did not abuse its discretion by granting Wayne's motion to vacate. We acknowledge the dissent. But when in doubt as to the propriety of granting a Civ.R. 60(B) motion, such doubt should be resolved in favor of granting the motion, so that cases may be decided upon a more fully informed basis. *Antonopoulos v. Eisner*, 30 Ohio App.2d 187, 284 N.E.2d 194 (8th Dist.1972). The trial court gave Wayne the benefit of the doubt. Discretionary review requires deference to the trial court unless it is found that the trial court exceeded the boundaries of its discretion

by acting in an unreasonable, unconscionable, or arbitrary manner. *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 122, 573 N.E.2d 622 (1991). On the circumstances presented here, we do not so find.

{¶19} The first assignment of error is therefore overruled.

{¶20} For its second assigned error, the firm contends that the trial court abused its discretion by sua sponte granting Wayne additional time to respond to the complaint. We disagree.

{¶21} We review the trial court's decision under an abuse of discretion standard. *Lemon v. Lemon*, 5th Dist. Stark No. 2010CA00319, 2011-Ohio-1878, ¶ 70, citing *State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981). In so reviewing, we balance the trial court's right to control its own docket and the public's interest in an efficient judicial system. *Id.* at 67.

{¶22} In determining whether a trial court abused its discretion in denying a motion for a continuance, an appellate court should consider the following factors: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to witnesses, opposing counsel, and the court; (4) whether there is a legitimate reason for the continuance; (5) whether the defendant contributed to the circumstances giving rise to the need for the continuance, and (6) other relevant factors, depending on the unique facts of each case. *Id.* at 67-68.

{¶23} Upon review, the trial court did not abuse its discretion. At the time the trial court granted Wayne additional time to respond, the case had been pending for less

than a year, and the court granted Wayne less than a month to respond; neither times were unreasonable. No witnesses were inconvenienced and any inconvenience to the opposing party and counsel were not substantial; further, any inconvenience to the court was apparently also not substantial. And Wayne is ready to defend in this action, and has filed a motion to dismiss, which is pending until the resolution of this appeal.

{¶24} In light of the above, the second assignment of error is overruled.

{¶25} Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., CONCURS;
KENNETH A. ROCCO, J., DISSENTS WITH
SEPARATE OPINION


KENNETH A. ROCCO, J., DISSENTING:

{¶26} I respectfully dissent from the majority opinion's disposition of this appeal. From my review of the record, I conclude that appellant's first assignment of error has

merit, and that the trial court abused its discretion in this case in granting Mr. Jatsek's Civ.R. 60(B) motion for relief from judgment.

{¶27} I base this conclusion on the simple fact that Mr. Jatsek supplied no evidentiary material to the trial court that would justify the trial court's decision. As the majority opinion notes, in order to prevail on Civ.R. 60(B) motion, the movant must demonstrate three particulars: (1) he has a meritorious defense to present if relief is granted, (2) he is entitled to relief, and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. The movant is required to supply evidentiary "material" to establish each of the foregoing. *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 316 N.E.2d 469 (8th Dist.1974), paragraph two of the syllabus. It follows that, if the movant fails to do so, the trial court abuses its discretion in granting the motion. *Weaver v. Colwell Fin. Corp.*, 73 Ohio App.3d 139, 143 (8th Dist.1992), citing *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 453 N.E.2d 648 (1983).

{¶28} The majority opinion bases its disposition upon material that is not a part of the record on appeal. Rather, the majority opinion accepts as fact the excuses that Jatsek's counsel places in his appellate brief. This is improper. *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus. It also should be unavailing. *GTE Automatic Elec., Inc.*, paragraph four of the syllabus.

{¶29} Because the record reflects Mr. Jatsek supplied no evidence at all to support his motion, I believe the trial court abused its discretion in this case. I would, therefore,

sustain appellant's first assignment of error, declare appellant's second assignment of error to be moot pursuant to App.R. 12(A)(1)(c), reverse the trial court's order, and reinstate the default judgment in appellant's favor.